Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
Andrew S. Jorgensen, ISBN 8695
Office of the United States Trustee
United States Department of Justice
550 West Fort St., Suite 698
Boise, ID 83724
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee
Gregory M. Garvin

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>JODY LEE KIMMELL,<br><br>　　　　　　　　　Debtor.<br>――――――――――――――――――<br>ACTING UNITED STATES TRUSTEE, REGION 18,<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JODY LEE KIMMELL,<br><br>　　　　　　　　　Defendant. | Case no. 21-00164-JMM<br>Chapter 7<br><br><br><br>Adv. no. _____ |

**COMPLAINT FOR REVOCATION OF DISCHARGE UNDER 11 U.S.C. § 727(d)**

Plaintiff, Acting United States Trustee Gregory M. Garvin ("United States Trustee"), for his complaint to revoke the discharge of the Defendant Jody Lee Kimmell alleges as follows:

1

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(a) and 28 U.S.C. § 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Venue is proper in this Court. 28 U.S.C. § 1409(a).

2. This Complaint is timely filed.

3. Plaintiff is the Acting United States Trustee for Region 18, which includes the District of Idaho.

4. On March 12, 2021, the Defendant Jody Lee Kimmell (the "Defendant") filed a bankruptcy petition in the above-captioned bankruptcy case, case number 21-00164-JMM in the United States Bankruptcy Court for the District of Idaho, together with his Schedules, Statement of Financial Affairs, and corresponding declarations. These documents were signed under penalty of perjury on that same date. By so signing, the Defendant acknowledged he had read the contents of said Schedules and Statement of Financial Affairs and that the information contained therein was true and correct. (Dkt. No. 1).

5. On March 12, 2021, the Defendant also filed an Application to Waive Chapter 7 Filing Fee (Dkt. No. 4, hereinafter "Fee Waiver Application") and a Chapter 7 Statement of Your Current Monthly Income (Dkt. No. 5, hereinafter "Statement of Current Monthly Income"). These documents were also signed under penalty of perjury on that same date, and by so signing the Defendant declared he had read the contents of said Application and Statement and that the information contained therein was true and correct.

6. At all relevant times, Patrick Geile (the "Trustee") was the Chapter 7 Trustee in the Defendant's bankruptcy case.

7. On April 8, 2021, the Trustee conducted the § 341(a) First Meeting of Creditors ("341 Meeting"), and the Defendant testified under oath regarding matters pertaining to his

bankruptcy case and his financial affairs.

8. At the 341 Meeting, the Defendant testified he signed the petition, schedules, statements, and related documents he filed with the Court; he read them; he was personally familiar with the information in the documents; and, to the best of his knowledge, the documents were true and accurate, and there were no errors or omissions to bring to the Trustee's attention.

9. The Defendant also testified all his assets were identified in the petition, schedules, statements, and related documents he filed with the Court.

### UNDISCLOSED ASSET IN DEFENDANT'S POSSESSION: A $10,000 CHECK

10. On or about February 8, 2021—approximately 32 days prior to the commencement of the Defendant's bankruptcy—the Defendant's father, Carl E. Kimmell (now deceased) wrote a check from the M C R K Trust payable to the Defendant, in the amount of $10,000 (this check hereinafter referred to as the "$10,000 Check").

11. On or about February 8, 2021, the Defendant's father delivered the $10,000 Check to the Defendant.

12. The Defendant took possession of the $10,000 Check on or about February 8, 2021.

13. In the Defendant's Schedules filed March 12, 2021, he was required to disclose and describe his assets, including financial assets and money owed to him. (Dkt. No. 1 at 16-19). The Defendant responded to multiple questions on whether he had any legal or equitable interest in the following: cash; rights or powers exercisable for his benefit; trusts; family support; other amounts someone owes him, including unpaid wages; any interest in property that is due from someone who has died; and "any financial assets you did not already list."

14. The Defendant responded to all questions summarized in the preceding paragraph by checking the boxes "No." (*Id.* Schedule A/B Items 16, 25, 29, 30, 35).

15. The Defendant did not otherwise list or identify in his Schedules any interest or right related to $10,000 in funds or payment—from his family, a trust, a check, for work he performed, or any other source.

16. In response to a question whether he had legal or equitable interests in deposits of money, the Defendant checked a box "Yes" but indicated he had only $78 in a DL Evans Bank checking account. (Dkt. No. 1 at 16, Schedule A/B Item 17).

17. The United States Trustee is informed and believes, and based thereon, alleges that the Defendant told his father, Carl E. Kimmell, at the time of receiving the check—on or about February 8, 2021—that the Defendant intended to file bankruptcy.

18. The United States Trustee is informed and believes, and based thereon, alleges that Carl E. Kimmell responded to the Defendant by telling the Defendant to take the check and use the funds to pay creditors.

19. The Defendant was in possession of the $10,000 Check at the time he filed his bankruptcy petition, on March 12, 2021.

20. During the Defendant's testimony at the 341 Meeting on April 8, 2021, the Trustee asked the Defendant if he had made or received any transfers of $1000 or more in the previous two years. The Defendant responded "No."

21. During his testimony at the 341 Meeting, the Trustee asked the Defendant if anyone owed him money. The Defendant responded "No."

22. The Bankruptcy Court entered an Order of Discharge in the Defendant's bankruptcy case on July 15, 2021.

4

23. The Defendant retained possession of the $10,000 Check until August 24, 2021, when he cashed the $10,000 Check at DL Evans Bank.

24. The Defendant's father Carl E. Kimmell died on August 25, 2021.

25. The United States Trustee learned about the $10,000 Check and the events described above related to the Defendant's receipt, retention, and cashing of the check on or about August 31, 2021. This occurred when Trustee (Patrick Geile) received and forwarded to the United States Trustee's attorneys an email from Michael Dobra, a family friend of Carl E. Kimmell, who had personal knowledge of events related to the Defendant's receipt, retention, and cashing of the $10,000 check.

## UNDISCLOSED INCOME

26. During his testimony at the 341 Meeting, the Defendant testified he had no income in 2020.

27. In the Defendant's Schedules, he was required to disclose and describe his employment status. He checked a box indicating "not employed" (Dkt. No. 1 at 40, Schedule I).

28. In the Defendant's Schedules, the Defendant was required to disclose and describe his monthly income. In response, the Defendant indicated his monthly income was $0, other than $190 per month in Supplemental Nutrition Assistance Program ("SNAP") benefits. (*Id.* at 40-41).

29. Likewise, in completing the Fee Waiver Application, the Defendant was required to disclose and describe his monthly income. In response, the Defendant indicated his monthly income was $0, other than SNAP benefits. (Dkt. No. 4 at 1).

30. Similarly, in the Defendant's Statement of Financial Affairs, he was required to disclose and describe his sources of income and all income for the current year and previous two

5

calendar years. (Dkt. No. 1 at 47). In response, the Defendant indicated no income in 2020 and no income from January 1 of 2021 to the date of the Petition. He indicated his only sources of income in 2020 and 2021 was borrowing $800 from relatives.

31.     Similarly, in the Defendant's Statement of Current Monthly Income (Dkt. No. 5), The Defendant indicated $0 in monthly income for the 6 months prior to filing his bankruptcy case.

32.     The United States Trustee is informed and believes, and based thereon, alleges the Defendant had performed some work in the year prior to his bankruptcy, including labor doing floor installation or other renovation and construction work, and including performing work in renovating a residential property owned by his father, Carl E. Kimmell, at a residence on Camas Street in Boise, Idaho.

33.     The United States Trustee is informed and believes, and based thereon, alleges the Defendant was paid for this work summarized in the preceding paragraph.

34.     Neither the Defendant nor those who paid him for work reported the payments as income for purposes of taxation, eligibility and receipt of government benefits, or in bankruptcy filings.

## COUNT I
**Knowing and Fraudulent Failure to Report or Deliver Property to the Trustee § 727(d)(2)**

35.     The United States Trustee incorporates by references the allegations in the preceding paragraphs as if alleged here in full.

36.     In his Schedules filed March 12, 2021, the Defendant answered "Yes" in response to a question whether he had legal or equitable interests in deposits of money, but the Defendant indicated he had only $78 in a DL Evans checking account. (Dkt. No. 1 at 16, Schedule A/B Item 17).

37. In the Defendant's Schedules filed March 12, 2021, he was required to disclose and describe his assets, including financial assets and money owed to him. (Dkt. No. 1 at 16-19). The Defendant responded to multiple questions on whether he had any legal or equitable interest in the following: cash; rights or powers exercisable for his benefit; trusts; family support; other amounts someone owes him, including unpaid wages; any interest in property that is due from someone who has died; and "any financial assets you did not already list." The Defendant responded to all questions summarized in the preceding paragraph by checking the boxes "No." (*Id.* Schedule A/B Items 16, 25, 29, 30, 35).

38. On April 8, 2021, during his testimony at the 341 Meeting, the Defendant testified he had not made or received any transfers of $1000 or more in the previous two years.

39. On April 8, 2021, the Defendant testified that nobody owed him any money.

40. Contrary to his sworn statements and testimony, the Defendant had legal and equitable interests in deposits of money, in the form of the $10,000 Check payable to him, which he had in his possession at the time of signing his Schedules under penalty of perjury (March 12, 2021) and testifying under oath at the 341 Meeting (April 8, 2021).

41. The $10,000 Check and legal and equitable interests in the funds were property of the bankruptcy estate.

42. The Defendant knowingly and fraudulently failed to report the possession of the $10,000 Check to the Trustee.

43. The Defendant also knowingly and fraudulently failed to deliver or surrender the $10,000 Check to the Trustee.

44. Such fraud is evidenced by the failure to disclose the $10,000 Check in the Defendant's schedules, the failure to disclose the check in response to questioning at the 341

Meeting, the Defendant telling his father at the time of receiving the check that he intended to file bankruptcy, and the Defendant's retention of the check until after his bankruptcy discharge and on the eve of his father's passing away.

45.     The United States Trustee did not know of the Defendant's failure to report the possession of the $10,000 Check until after the Defendant's discharge was granted.

46.     The Defendant Jody Kimmell's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(2).

## COUNT II
### False Oath or Account in Schedules and Fee Waiver Application
### § 727(a)(4)(A) and (d)(1) – Legal or equitable interest in the $10,000 check

47.     The United States Trustee incorporates by references the allegations in the preceding paragraphs as if alleged here in full.

48.     The Defendant's response to item 16 in Schedule A/B of his Schedules indicating that there was "no" cash in which he had a legal or equitable interest was materially false.

49.     The Defendant's response to item 17 in Schedule A/B of his schedules indicating that there were only $78 in deposits of money in which he had a legal or equitable interest was materially false.

50.     The Defendant's response to item 25 in Schedule A/B of his schedules indicating that there was "no" trust or rights or powers exercisable for his benefit in which he had a legal or equitable interest was materially false.

51.     The Defendant's response to item 29 in Schedule A/B of his schedules indicating that there was "no" family support in which he had a legal or equitable interest was materially false.

52.     The Defendant's response to item 30 in Schedule A/B of his schedules indicating

8

that there were "no" other amounts that someone owed him was materially false.

53. The Defendant's response to item 35 in Schedule A/B of his schedules indicating that there were "no" other financial assets in which he had a legal or equitable interest was materially false.

54. The Defendant filed a Fee Waiver Application on March 12, 2021. The Defendant signed the Fee Waiver Application under penalty of perjury declaring that the information provided in the application was true and correct.

55. In response to Fee Waiver Application questions regarding how much cash or bank accounts and other deposits of money, the Defendant indicated he had $27.00 in cash and no deposits.

56. The Defendant's responses to the questions regarding cash or bank accounts or other deposits of money were materially false.

57. The Defendant made these false statements knowingly, intentionally, and fraudulently.

58. The Defendant's knowledge and intent are evidenced by the failure to disclose the $10,000 check in the Defendant's schedules, the Defendant telling his father at the time of receiving the $10,000 Check that he intended to file bankruptcy, the failure to disclose the check in response to questioning at the 341 Meeting, and the Defendant's retention of the check until after his bankruptcy discharge and on the eve of his father's passing away.

59. The United States Trustee did not know of the falsity of these statements until after the Defendant's discharge was granted.

60. The Defendant Jody Kimmell's discharge should be revoked under § 727(a)(4)(A) and (d)(1).

61. Each of the false statements in 341 Meeting testimony, Schedules, and the Fee Waiver Application regarding the $10,000 Check constitutes a separate basis for revocation of discharge.

### COUNT III
### False Oath or Account in Fee Waiver Application, Schedules, Statement of Financial Affairs, and Statement of Current Monthly Income, 11 U.S.C. § 727(a)(4)(A) and (d)(1) – Income

62. The United States Trustee incorporates by references the allegations in the preceding paragraphs as if alleged here in full.

63. The United States Trustee is informed and believes, and based thereon, alleges the Defendant had performed some work in the year prior to his bankruptcy, including labor on floor installation or other renovation and construction work, and including performing work in renovating a residential property owned by his father, Carl E. Kimmell, at a residence on Camas Street in Boise, Idaho.

64. The United States Trustee is informed and believes, and based thereon, alleges the Defendant was paid for this work but neither the Defendant nor those who paid him for work reported the payments as income for purposes of taxation, receipt of government benefits, or in bankruptcy filings.

65. The Defendant signed the Fee Waiver Application under penalty of perjury declaring that the information provided in the application was true and correct.

66. In response to questions regarding his monthly income in the Fee Waiver Application, the Defendant falsely indicated no income other than government assistance SNAP benefits.

67. The Defendant signed the Schedules under penalty of perjury declaring that the information provided in the application was true and correct.

68. In response to questions regarding his income in the Schedules, the Defendant falsely indicated no income other than government assistance SNAP benefits.

69. The Defendant signed the Statement of Financial Affairs under penalty of perjury declaring that the information provided in the application was true and correct.

70. In response to questions regarding his income in the Statement of Financial Affairs, the Defendant falsely indicated no income in 2020 or 2021 other than $800 in loans from relatives.

71. The Defendant signed the Statement of Current Monthly Income under penalty of perjury declaring that the information provided in the application was true and correct.

72. In response to questions regarding the Defendant's income in his Statement of Current Monthly Income, he indicated $0 in monthly income for the 6 months prior to filing his bankruptcy case.

73. The Defendant's statements about having no income in the Fee Waiver Application, Schedules, Statement of Financial Affairs, and Statement of Current Monthly Income were materially false.

74. The Defendant made these false statements knowingly, intentionally, and fraudulently.

75. The United States Trustee did not know of the falsity of these statements until after the Defendant's discharge was granted.

76. The Defendant Jody Kimmell's discharge should be revoked under 11 U.S.C. § 727(a)(4)(a) and (d)(1).

77. Each of the false statements in the 341 Meeting testimony, Fee Waiver Application, Schedules, Statement of Financial Affairs, and Statement of Current Monthly

Income regarding his income constitutes a separate basis for revocation of discharge.

## **PRAYER FOR RELIEF**

Wherefore, the United States Trustee respectfully prays for judgment revoking Jody Lee Kimmell's discharge and for such other relief as may be proper.

Date: March 24, 2022	GREGORY M. GARVIN
	Acting United States Trustee for Region 18


	/s/ Andrew Jorgensen
	ANDREW JORGENSEN
	Attorney for Plaintiff
	Acting United States Trustee
	[Non CM/ECF e-mail
	andrew.jorgensen@usdoj.gov]